## Lowry *versus* McLane's Adm'rs.

Actual misrepresentations of a material character made by the vendor to the vendee, to his injury and for his reliance, and known by the vendor to be untrue, constitute fraud and authorize the vendor to disaffirm the contract.
*vendee (?)*

Assumpsit.

ERROR to the Court of Common Pleas of *Erie County.*

Prior to October, 1860, the Crescent Oil Company had sunk an oil well at Tidioute, in Warren County, and soon thereafter leased the well to L. L. Lowry, the plaintiff, and John C. Ford. Lowry and Ford were, by the terms of the lease, to reimburse the company for the amount expended by them in sinking the well, and to erect the necessary vats and machinery for pumping and preserving the oil, and to deliver to said company three-fourths of all the oil produced.

In December, 1860, a negotiation took place between Lowry and John W. McLane, defendant's intestate, in relation to the purchase by McLane of Lowry's interest in said well. On the second day of January, 1861, a sale and purchase was concluded, McLane paying for Lowry's interest $2,500—$1,800 in hand and a note of $700 at one year, upon which note this suit is brought.

It did not appear on the trial that McLane had ever been at the well, and there was evidence that he relied upon Lowry's representations as to the amount of the product. Soon after the purchase by McLane the well ceased to produce oil enough to pay for pumping. On the trial plaintiff gave the note in evidence and rested.

Defendants then gave in evidence the following letter:—

                    " PITTSFIELD, Dec. 10, 1860.
"JOHN W. McLANE, Esq.

*Dear Sir:* Your favor is at hand. I have already offered and sold considerable of my oil interest at Tidioute. I did offer Mr. Sayers a great bargain and he ought to have made the trade, as the interest I offered him could not be bought for more than double the money. I would prefer selling any of my other interests at Tidioute than the Towner well, as it is paying very largely. I will sell you my interest in it for $3,000, with a fair payment down, and balance on reasonable time. If you want it let me know by to-day's mail, as I have a proposition from other parties in Chautauque Co., N. Y.

                    Yours, very respectfully,
                              L. L. LOWRY."

[Lowry *v.* McLane's Adm'rs.]

John C. Ford, sworn, says: I was interested in the well; Lowry and I went in as equal partners; Lowry sold to Mc-Lane. At first it yielded from fifty to seventy-five barrels of oil per day. Did a good business in October and November. We thought it was falling off some—got out of order often. There was a falling off after the first six weeks; fell off in December, and finally fell off so as to quit in spring; for a long time before we quit it did not pay expenses; our share never paid expenses of digging well and furnishing fixtures. Lowry and I often talked over the failure of the well; we talked of the propriety of selling; I was decidedly in favor of selling, and told him so.

We talked the matter over about the well many times. I was there all the time and often told Lowry the well was falling off and not yielding what people supposed it was. This during the fall. While he was owner often there; knew what the well was producing; examined into it; spent most of his time at Tidioute; think in December the well fully paid current expenses; profits very small, if any, in December; think it has never paid expenses. About the first of March, 1861, the well dried up; no oil pumped since. I have tried frequently; been there often since. Very little oil in the well. Won't pay to pump.

The court, JOHNSON, J., charged the jury as follows:—

"This suit is upon a note given by defendant's intestate for a balance of his purchase of an interest in an oil well at Tidioute, in Warren County.

"The whole consideration was $2,500, of which $1,800 was paid at the time, and this note given for the balance. Its consideration is impeached. The defendants claim the plaintiff should not recover—first, because he fraudulently misrepresented the capacity of the well; second, because he withheld from their intestate certain material facts, known only to himself at the time of the trade; and, third, because, if the plaintiff was guilty of no fraud in fact, the trade was based upon a mutual mistake or misapprehension of material facts respecting the subject matter of the trade, which is sufficient to entitle the vendee to relief. If the evidence makes out the truth of these allegations or any of them, the defence will be good to the amount of the damages sustained thereby. Parties dealing with each other are bound to be fair, honest, and truthful, must practise no fraud, suppress no facts material to form a correct judgment of the things about which they are dealing, nor permit the other party to contract under a mistake or misapprehension of material facts of which he has, as between themselves, exclusive knowledge.

"Has the defendant's intestate been overreached by misre-

[Lowry v. McLane's Adm'rs.]

presentations or the concealment of material facts, respecting this oil well, on the part of the plaintiff?

"It matters not whether the vendor knew the facts which constitute the basis of the trade were untrue, if he caused or permitted the vendee to be influenced in his purchase by such supposed facts. If these supposed facts prove untrue, equity will relieve.

"If the plaintiff made representations which he honestly supposed to be true, but was mistaken, or which he did not know to be either true or false, and they turned out untrue, provided you believe the real facts, if known, would have produced a different conclusion in the vendee's mind, the party thus overreached by the mistake is relieved from the performance of his part of the contract. Especially is this so if the vendor, from his position and relation to the subject matter of the contract, possessed the only or superior opportunity of knowing the facts. If the fundamental idea of the trade proves erroneous, but the vendor had a knowledge of facts that would have dissipated the delusion, and withheld them from the vendee, he is guilty of a wrong, a legal fraud which entitles the vendee to relief. If a trade was based upon a mutual supposition of the existence of a fact that materially affected the value of the subject matter of it, without superior knowledge on the part of either, and the fact is not as supposed, the law will not enforce the contract.

"The facts in this case are neither voluminous nor complicated. Apply the principles we have stated to them, and render your verdict accordingly."

Verdict for defendant.

This charge is complained of, and assigned for error.

*Rassilas Brown*, for plaintiff in error, referred to *McFarland* v. *Newman*, 9 W. 55; *Smith* v. *Smith, Murphy & Co.*, 9 H. 367; *Harris* v. *Lyon*, 12 H. 347; *Witherill* v. *Neilson*, 8 H. 448; *Laidlaw* v. *Organ*, 2 Wheat. 178; *Kintzing* v. *McElrath*, 5 Barr, 467; *Fulton* v. *Hord*, 10 Casey, 368; Story's Eq. §§ 197, 200; 2 Kent's Com. 4 Ed. 484; *Pinnock* v. *Tilford*, 5 H. 459.

*Benjamin Grant* and *Wm. A. Galbraith*, for defendants in error, referred to *Miles* v. *Stevens*, 3 Barr, 37; Story's Eq. §§ 140, 141 *et seq.*; *King* v. *Doolittle*, 1 Head's Rep. 87; Adams' Eq. 188–9; *Warner* v. *Daniels*, 1 Wood. & Min. 103. Story's Eq. §§ 192, 227; 7 Paige, 124; *Colt* v. *Wolaston*, 2 Peere Wms. 154; *Blaine* v. *Agar*, 1 Sim. 37–45, S. C. 2 Sim. 289; Sch. & Lef. 429; *Daniels* v. *Mitchell*, 1 Story's Rep. 172, and authorities there cited; *Smith* v. *Babcock*, 2 Wood. & Min. 278; *Smith* v. *Richards*, 13 Pet. 36 *et seq.*; *Graham* v. *Pancost*, 6 Casey, 97;

[Sutter *v.* Dutch Church.]

*Nace* v. *Boyer*, id. 109 ; *Somers* v. *Brewer*, 2 Pick, 197 ; Bright's Eq. Jur. sec. 61; *Goepp's Appeal*, 3 Har. 428 ; *Whelan* v. *Whelan*, 3 Conn. 577 ; *Reigel* v. *Wood*, 1 Johns. Ch. 405 ; *Barneally* v. *Powell*, 1 Ves. Jun. 120, 284, 289 ; *McDonald* v. *Nelson*, 2 Con. 193 ; *Horback* v. *Gray*, 8 Watts, 497 ; *Blight* v. *Schenk*, 10 Barr, 293.

Opinion of the court was delivered by

LOWRIE, C. J.—We are not sure that the learned judge below did not spread his principle a little too widely to have it accepted as a legal definition of fraud, but if we were sure that he had we should have difficulty in reversing this judgment ; because, not having the evidence given in our paper books, we cannot certainly say that the jury has applied the instructions so as to do wrong to the plaintiff.

In the absence of the evidence, the best we can do is to take the defendant's version of its substance. There we find that the fraud alleged and found consisted of actual misrepresentations of a material character made by the plaintiff and relied on by the defendant to his injury, and intended for his reliance, and known by the plaintiff to be untrue, and this certainly is fraud, and entitled the defendant to the defence set up.

Judgment affirmed.